425 A.2d 346

**COMMONWEALTH of Pennsylvania**

v.

**Walter Lee Jefferson STEWART, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 20, 1980.

Decided Jan. 30, 1981.

Thomas G. Klingensmith, Asst. Public Defender, Lancaster County, for appellant.

Joseph C. Madenspacher, Asst. Dist. Atty., Lancaster County, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

At approximately 9:20 p. m. April 25, 1974, appellant Walter Stewart was stopped and frisked by two police officers on a public street in Lancaster. After finding a pistol on appellant's person and ten glassine packets containing what later proved to be heroin lying near him on the street, the police placed appellant under arrest.

At issue is whether the Commonwealth's prosecution of appellant in separate trials, over two months apart, on charges arising from this incident violated the mandate of 18 Pa.C.S. § 110 (effective June 6, 1973), *Commonwealth v.*

*Campana [I]*, 452 Pa. 233, 304 A.2d 432 (1973), vacated and remanded, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), on remand, [*Campana II*], 455 Pa. 622, 314 A.2d 854 (1974), cert. denied, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1193 (1974), and *Commonwealth v. Holmes*, 480 Pa. 536, 391 A.2d 1015 (1978), that all charges arising from the same criminal episode and known to the prosecution at the time of trial be brought in a single trial. The Court of Common Pleas of Lancaster County and the Superior Court on appeal held that the indictment and trial of appellant on a charge of possession of heroin were not barred by his previous conviction for unlawful possession of a firearm. We disagree and reverse.[1]

On the day of the arrest, the police filed a criminal complaint charging appellant with carrying a firearm on his person without a license, 18 Pa.C.S. § 6106(a). On May 30, 1974, after laboratory tests had established the contents of the packets, a complaint was filing charging appellant with possession of heroin, 35 P.S. § 780–113(a)(16). On June 5, 1974, appellant was indicted on the firearms charge. Two days later, appellant was given a preliminary arraignment on the heroin charge. A preliminary hearing was scheduled for August 1, but the record contains no indication that appellant ever received notice of that hearing until he was arrested pursuant to a bench warrant on September 16 for his failure to appear. Another preliminary hearing was then scheduled for November 4. Although notice of this hearing was mailed to appellant, he did not appear on that day. He claimed to have received the notice only after the hearing date, having moved temporarily to another address in Lancaster after a disagreement with his wife. Finally, on December 18, 1974, a preliminary hearing was held on the heroin charge, at which the Commonwealth established a prima facie case against appellant.

1. Because we conclude that appellant's trial on the heroin charge was barred under 18 Pa.C.S. § 110, we do not consider appellant's additional claims that the trial was conducted in violation of Pa.R. Crim.P. 1100 and that evidence admitted at trial should have been suppressed as the product of an unlawful stop.

On January 24, 1975, the Commonwealth brought appellant to trial on the firearms charge. Appellant entered a plea of guilty to this charge, after which the court sentenced him to one year's probation and ordered him to pay a fine of two hundred dollars plus the cost of prosecution.

On February 6, following this conviction, the Commonwealth filed a petition for an extension of time for the commencement of appellant's trial on the heroin charge. On March 3, appellant was indicted for that offense, after which he immediately entered pleas of double jeopardy and autrefois convict and filed an application to suppress evidence. At a hearing on March 13, the court granted the Commonwealth's extension request over defense objection, and after another hearing on April 1, the court denied all of appellant's pretrial motions. Appellant was tried on the same day and convicted by a jury of possession of heroin. Postverdict motions were filed and dismissed, and appellant was sentenced to a term of three to twelve months' imprisonment.

A direct appeal to the Superior Court followed, in which appellant claimed that the trial court had erred in refusing to suppress evidence, in granting the Commonwealth's petition for an extension of time, and in failing to hold that appellant's trial on the heroin charge was barred under 18 Pa.C.S. § 110 by the failure of the Commonwealth to consolidate that charge with the firearms charge.

The Superior Court rejected all three contentions and affirmed appellant's conviction, holding, inter alia, that appellant had waived his rights under section 110 by failing to move for consolidation of the charges himself. *Commonwealth v. Stewart*, 257 Pa.Super. 334, 390 A.2d 1264 (1978). Judge Spaeth dissented, joined by Judge Hoffman, and would have held that appellant's trial on the heroin charge was barred by the express terms of section 110. We granted allowance of appeal.

Section 110 of our Crimes Code sets forth, in pertinent part, the following standards:

"Although a prosecution is for a violation of a different provision of the statute than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances: (1) The former prosecution resulted in an acquittal or in a conviction as defined in Section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

.    .    .    .    .

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense . . . . "

There can be no dispute that the Court's imposition of sentence after the acceptance of appellant's plea of guilty to the firearms charge constitutes a conviction. See 18 Pa.C.S. § 109(3). Moreover, the two offenses with which appellant was charged were clearly part of the same "episode": appellant's crimes consisted of the possession of heroin and a gun at precisely the same time, 9:20 p. m. on April 25, 1974. The Commonwealth's sole argument for the inapplicability of section 110 to appellant's case is the theory of waiver advanced by the majority opinion of the Superior Court, a theory which that court has since recognized as erroneous in light of this Court's subsequent decision in *Commonwealth v. Holmes*, 480 Pa. 536, 391 A.2d 1015 (1978). See *Commonwealth v. Edwards*, 264 Pa.Super. 223, 227 n. 3, 399 A.2d 747, 749 n. 3 (1979).

In *Holmes*, this Court noted that both "[o]ur decisions in *Campana I* and *II* and Section 110 expressly bar a subsequent prosecution for any offense arising from the same criminal episode, where the offense was known to the prosecuting authorities at the time of the commencement of the first trial," 480 Pa. at 540, 391 A.2d at 1017. See *Commonwealth v. Campana [II]*, supra, 455 Pa. at 626, 314 A.2d at 845 (*Campana I* "in harmony with section 110"). The Court then made the following observation:

" 'The rule . . . adopted [in *Campana*] was intended both to protect a person accused of crimes from governmental harassment by forcing him to undergo successive trials for offenses stemming from the same event, and also, as a matter of judicial administration and economy, to assure finality without unduly burdening the judicial process by repetitious litigation. The new approach was thus to serve both individual and societal interests. See *Campana I*, 452 Pa. at 251–252, 304 A.2d 432; 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (plurality opinion of Mr. Justice ROBERTS); 452 Pa. at 258–259, 304 A.2d 432; 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (concurring opinion of Mr. Justice EAGEN); 452 Pa. at 262–263, 304 A.2d 432; 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (concurring opinion of Mr. Justice NIX).' "

480 Pa. at 541, 391 A.2d at 1017, quoting *Commonwealth v. Tarver*, 467 Pa. 401, 408, 357 A.2d 539, 542 (1976).

The Commonwealth contends that the burden should be on the defendant to move for consolidation in cases like appellant's, where multiple charges arise from a single episode. Yet to place this burden on the defendant would be to ignore the duty of the Commonwealth to advance the societal interests underlying section 110. "Compulsory joinder of all offenses arising from a single 'transaction' avoids piecemeal litigation and thus conserves precious judicial and professional manpower as well as the time of jurors, witnesses, and the use of public resources." *Commonwealth v. Campana [I]*, 452 Pa. at 252, 304 A.2d at 441. And as Mr. Justice Brennan observed, joined by Justices Douglas and Marshall, "[C]onsolidation in one lawsuit of all issues arising out of a single transaction or occurrence best promotes justice, economy, and convenience." *Ashe v. Swenson*, 397 U.S. 436, 454, 90 S.Ct. 1189, 1199, 25 L.Ed.2d 469 (1970) (concurring opinion) (footnote omitted).

■ Both the need for protection of the accused from governmental harassment and the need for judicial economy mandate prosecutorial consolidation of the charges in appellant's case. The testimony of the same officers as to the

same occurrences was necessary to convict appellant on both of the charges. Moreover, appellant's challenges as to the legality of the stop and arrest, as well as to the credibility of the arresting officers, were as relevant to one charge as to the other. Furthermore, in appellant's case, as in *Holmes*, appellant could not have moved for consolidation prior to his conviction on the first charge, since a grand jury had not yet indicted him on the second charge. As this Court stated in *Holmes*, "To place the responsibility upon appellant to expedite the indictment procedure, over which he had no control, or responsibility, would distort the concept of waiver." 480 Pa. at 541–42, 391 A.2d at 1018. See *Commonwealth v. Muffley*, 493 Pa. 32, 425 A.2d 350 (1981).

Although the Commonwealth argues that appellant in fact "controlled" the indictment procedure through his failure to appear at two preliminary hearings, the record is far from clear that appellant in any respect exercised such "control," and there is of course no support in law for this proposition. Prior to appellant's first trial, the Commonwealth had two avenues open to it, neither of which it attempted to pursue. The Commonwealth could have requested the court to grant separate trials. See 18 Pa.C.S. § 110(1)(ii); *Commonwealth v. Campana [I]*, 452 Pa. at 250 n. 37, 304 A.2d at 440 n. 37. Alternatively, the Commonwealth could have requested an extension of time to commence both trials on the ground that it wished to comply with its obligation to consolidate them. The court could have either granted separate trials under section 110(1)(ii) or allowed the extension. If appellant had opposed consolidation, he would then have waived his right to a single trial. *Commonwealth v. Saunders*, 483 Pa. 26, 394 A.2d 522 (1978). Because the Commonwealth failed to follow either of these avenues, it may not now circumvent the mandate of section 110.

■ We recognize that a defendant may also waive his right to consolidation of all charges arising from the same criminal episode by pleading guilty to some but not all of the charges. *Commonwealth v. Tarver*, supra. The trial court ruled against appellant on this basis at the conclusion of

appellant's pretrial double jeopardy hearing. However, in so doing, the court overlooked the critical fact that appellant's plea of guilty to the firearms charge, unlike the guilty plea of the defendant in *Tarver*, in no way necessitated the severance of the remaining charge. When the defendant in *Tarver* entered his plea of guilty to one charge, indictments on all the charges had been returned against him, and the Commonwealth was planning to try all the charges in a single proceeding. Thus, "[i]t was by his choice, not that of the state, that two separate proceedings were had to determine his guilt or innocence in charges arising from the same criminal episode." 467 Pa. at 409, 357 A.2d at 543. Here, on the other hand, the Commonwealth made no effort to consolidate the charges or to extend the time for trial on the firearms charge. Had appellant entered a plea of not guilty to this charge, he would have proceeded immediately to trial, *prior* to his indictment on the second charge.[2] Thus, the two charges would have remained separate no matter how appellant pled, and appellant's guilty plea cannot possibly be considered a waiver of the type exercised by defendant Tarver.[3]

In the interests of both defendants and society, section 110 of our Crimes Code requires joinder of all charges arising from the same conduct or criminal episode. Here, although the Commonwealth had "a clear responsibility to assist in furthering judicial administration and economy," *Commonwealth v. Holmes*, supra, 480 Pa. at 542, 391 A.2d at 1018, and alone had the ability to act prior to appellant's indictment on the second charge, it made no effort to avail itself of the courses of action provided by that section to protect these interests. Appellant had a right to be free from

**2.** Indeed, by the Commonwealth's own reckoning, appellant's plea of guilty on the firearms charge was entered four days after the expiration of the 270 day period prescribed by Pa.R.Crim.P. 1100(a)(1).

**3.** We note that in *Commonwealth v. Tarver*, 491 Pa. 253, 420 A.2d 438 (1980), defendant Tarver is granted relief on the ground of double jeopardy not addressed in this Court's previous determination. The double jeopardy question decided in *Tarver*, supra, is not at issue here.

successive prosecutions which, in these circumstances, only the Commonwealth could protect. This it failed to do.

Judgment of sentence reversed. Appellant discharged.