425 A.2d 350

**COMMONWEALTH of Pennsylvania**

v.

**John Wesley MUFFLEY, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 20, 1980.

Decided Jan. 30, 1981.

R. S. Trigg, Lancaster, for appellant.

Richard A. Sheetz, Jr., Asst. Dist. Atty., Joseph C. Madenspacher, Lancaster, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

O'BRIEN, Chief Justice.

This interlocutory [1] pre-trial appeal is from a per curiam order of a three judge Superior Court panel, 261 Pa.Super. 414, 395 A.2d 972, which affirmed an order of the Court of Common Pleas, Lancaster County, denying appellant's motion to quash an information.

Appellant, John Wesley Muffley, was arrested on July 1, 1976 and charged with possession of marijuana. While appellant was being processed at the police station, he was required to empty his pockets. At this time, police found one hundred fifty microcaps of what the police believed to be LSD. A criminal complaint charging appellant with possession of marijuana was filed shortly after his arrest. As outside laboratory analysis was required for the LSD, no charges were filed at that time. When the lab analysis subsequently confirmed that the substance was, in fact, LSD, the police, on September 21, 1976, filed a complaint charging appellant with possession of LSD. Meanwhile, on September 1, 1976, an information had been filed charging appellant with possession of marijuana.

On June 9, 1977, a preliminary hearing was held on the LSD offense. On June 17, 1977, appellant pled guilty to

[1]. This appeal is permitted by our decision in *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977).

possessing marijuana. An information on the LSD charge was filed on July 18, 1977. Appellant immediately thereafter filed a motion to dismiss the information, alleging that prosecution on the LSD charge would violate § 110 of the Crimes Code.[2] The Court of Common Pleas, Lancaster County, denied appellant's motion. On appeal, the Superior Court affirmed. We granted appellant's petition for allowance of appeal and this appeal followed.

Appellant now again alleges that prosecution on the LSD charge is barred by § 110 of the Crimes Code. That section provides:

"Although a prosecution is for violation of a different provision of the statutes than the former prosecution . . ., it is barred by such former prosecution under the following circumstances:

"(i) The former prosecution resulted in . . . a conviction . . . and the subsequent prosecution is for:

\* \* \* \* \* \*

"(ii) Any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense." 18 Pa.C.S.A. § 110.

The Commonwealth does not argue, nor could it in our view, that the former prosecution for possession of marijuana and the instant prosecution for possession of LSD did not arise from the same criminal episode. Rather, the Commonwealth argues that appellant has waived any § 110 objection applicable to the instant prosecution by failing to move for consolidation of the two informations. In *Commonwealth v. Stewart*, 257 Pa.Super. 334, 390 A.2d 1264 (1978), the court found a waiver of a § 110 violation where the defendant failed to move for consolidation of the separate offenses. We have today, however, reversed the Superior Court's

2. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 110.

determination in *Stewart.* *See, Commonwealth v. Stewart,* 493 Pa. 24, 425 A.2d 346 (1980).

In *Stewart,* as in *Commonwealth v. Holmes,* 480 Pa. 536, 391 A.2d 1015 (1978), we rejected the argument espoused by the Commonwealth in the instant case, stating:

> "To place the responsibility upon appellant to expedite the [information] procedure, over which he had no control, or responsibility, would disrupt the concept of waiver."

*Commonwealth v. Stewart, supra,* 493 Pa. at 30, 425 A.2d at 349, quoting *Commonwealth v. Holmes, supra,* 480 Pa. at 541–42, 391 A.2d at 1018. We thus believe that appellant has not waived the claim instantly advanced.

We believe it is clear that both the marijuana and LSD offenses arose from the same criminal episode. Further, while there is no proof that the prosecutor knew of both offenses, we believe that, under the instant facts, the prosecutor should have had such knowledge. This case, like *Stewart,* fits within the parameters of § 110. To thus allow prosecution on the LSD charges would violate the Crimes Code.

Order of Superior Court is reversed and appellant is discharged.

LARSEN, J., dissents.