770 A.2d 310

COMMONWEALTH of Pennsylvania, Appellee,

v.

Scott Alan FAILOR, Appellant.

Commonwealth of Pennsylvania, Appellee,

v.

Keith A. Blosser, Appellant.

Supreme Court of Pennsylvania.

Argued Dec. 6, 2000.

Decided April 18, 2001.

644

Samuel William Milkes, Taylor Putney Andrews, Carlisle, for Scott Failor.

Jaime M. Keating, Merle L. Ebert, Carlisle, for Com.

## OPINION

NIGRO, Justice.

We granted allowance of appeal in these consolidated cases to consider whether the Superior Court erred in finding that Section 110 of the Pennsylvania Crimes Code, 18 Pa.C.S. § 110,[1] which requires joinder of certain actions, did not bar

---

1. Section 110 states in relevant part:

    Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is

the Commonwealth from prosecuting Appellants for driving under a suspended license ("DUS")[2] when Appellants had previously been convicted of driving over the maximum speed limit ("speeding").[3] Appellants argue that Section 110(1)(ii) prohibited the Commonwealth from prosecuting them for DUS because their speeding convictions occurred in the same court where their DUS charges were pending and because both their DUS and speeding charges arose from the same traffic incident. We agree with Appellants, and therefore reverse the Superior Court's order affirming Appellants' judgments of sentence for DUS.

The undisputed facts and procedural history of the instant cases are as follows: On October 30, 1997, a state trooper stopped Appellant Scott Alan Failor on Pennsylvania State Route 174 and issued him a speeding citation. The speeding citation was filed in District Justice Susan Day's office. On December 1, 1997, the trooper received a certified copy of Failor's driving record from the Pennsylvania Department of Transportation ("PennDOT"). After seeing a notation on

barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charges of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

18 Pa.C.S. § 110.

2. 75 Pa.C.S. § 1543.

3. 75 Pa.C.S. § 3362.

Failor's driving record that Failor's license had been under suspension on October 30, 1997, the trooper issued Failor a DUS citation. The DUS citation was filed in District Justice Day's office on December 3, 1997. On December 12, 1997, Failor appeared before District Justice Day and pled guilty to speeding. Failor subsequently appeared before District Justice Day a second time and pled guilty to DUS.

On November 9, 1997, a state trooper stopped Appellant Keith A. Blosser for speeding on Pennsylvania State Route 34. As a result of a routine radio check with PennDOT to verify Blosser's driving status, the trooper learned that Blosser's license was suspended. The trooper immediately issued Blosser a speeding citation and a separate DUS citation. Both citations were filed in District Justice Day's office. On December 2, 1997, Blosser pled guilty to speeding. After accepting Blosser's guilty plea, District Justice Day appointed an attorney to represent Blosser for the DUS charge. On January 28, 1998, following a trial before District Justice Day, Blosser was convicted of the DUS charge.

Both Appellants Failor and Blosser appealed to the Court of Common Pleas of Cumberland County and moved to dismiss their DUS charges, alleging that the Commonwealth's prosecution of them for DUS following their speeding convictions violated federal and state constitutional double jeopardy provisions as well as Section 110(1)(ii).[4] Appellants' appeals were consolidated before the trial court. The trial court rejected Appellants' claims that the Commonwealth had violated federal and state constitutional provisions against double jeopardy by prosecuting Appellants for DUS following their speeding convictions.[5] The trial court then addressed Appellants' claim

4. The trial court conducts a *de novo* review of appeals from convictions for summary offenses. Pa.R.Crim.P. 86.

5. The trial court found that because speeding and DUS are separate offenses, each requiring proof of an element not contained in the other, Appellants were not subject to double jeopardy as a result of their separate prosecutions for each charge. In light of our disposition of Appellants' Section 110 claim, however, we need not address the merits of Appellants' constitutional claims. *See Wertz v. Chapman Township*, 559 Pa. 630, 633, 741 A.2d 1272, 1273 (1999) (a sound tenet of

that Section 110(1)(ii) prohibited the Commonwealth from prosecuting them for DUS after they were convicted of speeding. Although the trial court found that Section 110 applied to the summary offenses for which Appellants were charged, the court also found that Appellants had waived their right to challenge their separate DUS convictions based on Section 110. According to the trial court, because Appellants were aware of the separate charges pending against them, and because Appellants both pled guilty to their speeding citations without specifically objecting to their separate prosecutions for DUS, they had waived their right to consolidate their speeding and DUS charges pursuant to Section 110(1)(ii). On appeal, the Superior Court agreed with the trial court, and therefore affirmed Appellants' judgments of sentence for DUS. We now reverse.

Section 110 requires that all known charges based upon the same conduct or arising from the same criminal episode be consolidated for trial unless the court orders separate trials. 18 Pa.C.S. § 110; *Commonwealth v. Hude*, 500 Pa. 482, 490, 458 A.2d 177, 181 (1983). This compulsory joinder rule serves two distinct policy considerations. First, it protects a defendant from the governmental harassment of being subjected to successive trials for offenses stemming from the same criminal episode. Secondly, the rule assures finality without unduly burdening the judicial process by repetitious litigation. *See Hude*, 500 Pa. at 489, 458 A.2d at 180. In *Commonwealth v. Geyer*, 546 Pa. 586, 592–93, 687 A.2d 815, 818 (1996), this Court clarified that Section 110 applies to prosecutions for summary offenses, such as the speeding and DUS offenses for which Appellants were charged. We explained that regardless of the fact that proceedings concerning summary offenses are generally resolved quickly, "no defendant should be subjected to unnecessary successive prosecutions of any kind. Further, the interests of judicial economy are served by relieving the court system of repetitious litigation of any nature." *Id.*, 687 A.2d at 818.

jurisprudence is that courts should avoid constitutional issues when the issue at hand may be decided upon other grounds).

■ Under Section 110(1)(ii), the specific provision applicable to Appellants' cases, the Commonwealth is prohibited from prosecuting a defendant based on its former prosecution of the defendant if the following four-part test is met: (1) the former prosecution resulted in an acquittal or a conviction; (2) the current prosecution must be based on the same criminal conduct or have arisen from the same criminal episode as the former prosecution; (3) the prosecutor must have been aware of the current charges before the commencement of the trial for the former charges; and (4) the current charges and the former charges must be within the jurisdiction of a single court. *Commonwealth v. Hockenbury*, 549 Pa. 527, 533, 701 A.2d 1334, 1336 (1997); *Geyer*, 546 Pa. at 590, 687 A.2d at 817; *Commonwealth v. Bracalielly*, 540 Pa. 460, 468, 658 A.2d 755, 760 (1995).

■ In both of the instant cases, all four prongs of Section 110(1)(ii) were satisfied at the time Appellants were convicted of DUS. As to the first prong, Appellants' guilty pleas to their speeding charges constituted convictions under Section 110(1)(ii). *See Geyer* at 593, 687 A.2d at 818. The second prong was met because Appellants' respective speeding and DUS charges arose during the same criminal episode, namely one traffic stop. *See id.*, 687 A.2d at 818. In terms of the third prong, the Commonwealth and District Justice Day knew about Appellants' DUS charges when Appellants were convicted for speeding because their DUS charges were filed in District Justice Day's office before Appellants pled guilty to speeding. Finally, the fourth prong of Section 110(1)(ii) was satisfied as each Appellant faced prosecution for his own speeding and DUS charges in one court, that of District Justice Day. Since all four prongs of Section 110(1)(ii) were clearly met when Appellants were prosecuted for DUS, we find that the Commonwealth should have been precluded from prosecuting Appellants for DUS.

■ Furthermore, contrary to the lower courts, we do not find that by pleading guilty to their speeding charges, Appellants waived their statutory right to have both their speeding

and DUS charges brought in a single prosecution. In addressing the waiver issue below, the Superior Court stated that "if a defendant knowingly acquiesces in what appears to be an advantageous separation of charges, he cannot later raise an objection claiming the statutory protection from multiple trials." *Commonwealth v. Failor*, 1999 PA Super 123, 734 A.2d 400, 403 (1999) (citing *Commonwealth v. Carelli*, 291 Pa.Super. 502, 507, 436 A.2d 228, 231 (1981)). In *Carelli*, the court found that a defendant waives his right to contest multiple prosecutions where the defendant's silence misleads the court and the Commonwealth into believing that the defendant has consented to multiple prosecutions for charges arising out of one incident. 291 Pa.Super at 508, 436 A.2d at 230.

This Court, however, has rendered a number of decisions that countenance against waiver unless the defendant has taken some sort of affirmative action to separate the prosecutions pending against him. *See Commonwealth v. Stewart*, 493 Pa. 24, 425 A.2d 346 (1981); *Commonwealth v. Muffley*, 493 Pa. 32, 425 A.2d 350 (1981); *Commonwealth v. Holmes*, 480 Pa. 536, 391 A.2d 1015 (1978). These cases strongly suggest that the burden to protect a defendant from vexatious litigation and to conserve judicial resources rests squarely on the shoulders of the Commonwealth, and thus, it is the Commonwealth's burden, rather than the defendant's, to move for consolidated trials. *See Stewart*, 493 Pa. at 30–32, 425 A.2d at 349–50; *Muffley*, 493 Pa. at 34–35, 425 A.2d at 352; *Holmes*, 480 Pa. at 541–42, 391 A.2d at 1018. In *Stewart*, the Commonwealth argued that the defendant should have the burden of moving for consolidated trials where multiple charges arise from a single criminal episode. This Court, however, made it clear that based upon the sound policies behind Section 110, the burden to consolidate charges rests solely with the prosecution:

Yet to place this burden on the defendant would be to ignore the duty of the Commonwealth to advance the societal interests underlying section 110. "Compulsory joinder of all offenses arising from a single 'transaction' avoids

piecemeal litigation and thus conserves precious judicial and professional manpower was well as the time of jurors, witnesses, and the use of public resources." *Commonwealth v. Campana (I),* 452 Pa. at 252, 304 A.2d at 441.

. . . .

(1) Both the need for protection of the accused from governmental harassment and the need for judicial economy mandate *prosecutorial* consolidations of the charges in appellant's case.

*Stewart,* 493 Pa. at 29, 425 A.2d at 349 (emphasis added).

Additionally, in *Stewart,* this Court indicated that a defendant should be said to have waived his right to a single trial only when he affirmatively acts to separate the prosecution of charges pending against him. As an example, we noted that if a defendant opposes the Commonwealth's motion to consolidate charges, the defendant should be deemed to have waived his right to consolidate charges under Section 110. We also pointed to our decision in *Commonwealth v. Tarver,* 467 Pa. 401, 357 A.2d 539 (1976), as another example of this limited waiver exception. In *Tarver,* the defendant affirmatively caused the charges against him to be separated by pleading guilty to one charge and demanding a separate jury trial on the other charges. 467 Pa. at 409, 357 A.2d at 543. Thus, it "was by [the defendant's] choice, not that of the state, that two separate proceedings were had to determine his guilt or innocence in charges arising from the same criminal episode." *Id.,* 357 A.2d at 543.

While *Stewart* arose in the context of an initial information being filed, a subsequent guilty plea, and a second information being filed, the language utilized by the *Stewart* Court clearly transcends the specific facts of that case. The Court spoke to the broader principles of placing the burden of joinder on the Commonwealth and finding waiver only in those instances where the defendant affirmatively acts to separate the prosecutions pending against him. 493 Pa. at 30 31, 425 A.2d at 349–50.

■  In the instant cases, Appellants did not take any affirmative actions to either separate their trials or to oppose consolidation. Rather, the Commonwealth brought the successive prosecutions against Appellants. In light of the policy reasons underlying Section 110, as well as our prior case law, the burden to consolidate trials must be placed on the Commonwealth. Mere silence by the defendant is insufficient to find that a defendant has affirmatively acted to block consolidation and therefore, waived a claim under Section 110. Thus, we find that the Superior Court erred in finding that Appellants waived their right to challenge the Commonwealth's subsequent and separate prosecutions of their DUS charges once they pled guilty to their speeding charges.

Accordingly, we reverse the orders of the Superior Court and vacate Appellants' convictions for driving with a suspended license.

CASTILLE, Justice and NEWMAN, Justice, dissent.