J-A30033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CONRTNEY CARTER | |
| Appellant | No. 2760 EDA 2014 |

Appeal from the Order Dated August 14, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003029-2013

BEFORE: MUNDY, J., JENKINS, J., and FITZGERALD, J.[*]

DISSENTING MEMORANDUM BY MUNDY, J.:     **FILED APRIL 18, 2016**

I respectfully dissent. I do not agree that the controlled substance offenses and the firearms crimes were part of the same criminal episode such that 18 Pa.C.S.A. § 110 bars the prosecution of the firearms offenses after Appellant was convicted of possessing narcotics. Accordingly, I would affirm the trial court's order denying Appellant's motion to dismiss the firearms charges under Section 110.

I agree with the Majority that the only issue in this case is whether all the charges arose out of the same criminal episode. Majority Memorandum at 6. In determining whether the crimes were part of the same criminal episode, we must consider both the temporal and logical relationship

_____

[*] Former Justice specially assigned to the Superior Court.

between the charges. ***Id.*** at 9. Offenses are logically related when there is a substantial duplication of fact and law; a *de minimis* duplication is not sufficient. ***Commonwealth v. Reid***, 77 A.3d 579, 582-583 (Pa. 2013).

In determining whether two offenses are logically related, courts must look to the dual purpose of Section 110, which is "(1) to protect a person accused of crimes from governmental harassment of being forced to undergo successive trials for offenses stemming from the same criminal episode; and (2) as a matter of judicial administration and economy, to assure finality without unduly burdening the judicial process by repetitious litigation." ***Reid***, ***supra*** at 583-584, *quoting* ***Commonwealth v. Anthony***, 717 A.2d 1015, 1018-1019 (Pa. 1998). "These policy concerns must not be interpreted to sanction 'volume discounting' or [] to label an 'enterprise' [as] an 'episode.'" ***Id.*** at 584, *quoting* ***Commonwealth v. Nolan***, 855 A.2d 834, 840 (Pa. 2004).

In this case, I would not give Appellant a volume discount for separate and distinct criminal episodes that were not dependent on one another. The temporal relationship of the two possession offenses is not determinative in this case. Because possession offenses are inherently ongoing, when the

police find a defendant in possession of more than one illegal item, the possession will always be temporally related.[1]

In my view, the mere fact that police find a person in illegal possession of more than one item does not necessarily establish that the possession offenses arose out of the same criminal episode simply because the person simultaneously possesses illegal contraband and it is seized or discovered at the same time. Certain factual and legal similarities will usually be present in simultaneous possession cases. For example, the same officer will usually seize or discover all items that a defendant is illegally possessing at the one time. Further, the chain of custody of the evidence and related suppression issues will likely be the same. These factual and legal similarities will usually be present simply because a defendant is found in simultaneous possession

---

[1] I note that I disagree with the Majority that **Commonwealth v. Walter Stewart**, 425 A.2d 346 (Pa. 1981), governs this case. Majority Memorandum at 7. At the time that case was decided, the "same criminal episode" analysis did not include the logical relationship factor. Instead, the **Walter Stewart** Court noted that the possession of heroin and a firearm arose out of the same criminal episode based only on their temporal relationship. **Walter Stewart**, **supra** at 348 (explaining "the two offenses … were clearly part of the same 'episode': appellant's crimes consisted of the possession of heroin and a gun at precisely the same time, 9:20 p.m. on April 25[]"). Our Supreme Court did not add the logical relationship factor to the "same criminal episode" analysis until its later decision in **Commonwealth v. Hude**, 458 A.2d 177 (Pa. 1983). **See Commonwealth v. McPhail**, 692 A.2d 139, 153 (Pa. 1997) (Newman, J., dissenting) (noting, "in **Hude**, this Court engrafted a 'logical relationship' test to the Section 110 inquiry, drawing from the 'same transaction' analysis of compulsory counterclaims. … Thus, this Court has determined that the definition of the 'same criminal episode' is no longer limited to acts that immediately connect in time[]").

of multiple illegal items at one time. However, these are *de minimis* similarities that are insufficient to establish a logical relationship. **See Reid**, **supra** at 582-583, *quoting* **Commonwealth v. Bracalielly**, 658 A.2d 755 (Pa. 1995). Therefore, in evaluating the logical relationship in simultaneous possession cases, I would look beyond such *de minimis* similarities inherent in the nature of the offenses.

As the Majority notes, the firearms charges do not share any legal elements with the controlled substances crimes. Majority Memorandum at 14. Moreover, the statutes do not criminalize similar conduct or have the same purpose. **Id.**

The certified record indicates there was no nexus between Appellant's purchase and possession of crack cocaine and his possession of a gun. Appellant was in unlawful possession of the firearm before he acquired the crack cocaine. Appellant did not use the gun during the drug deal. Officer Burgess, who observed the drug exchange from across the street through binoculars, did not see a firearm. N.T., 3/20/13, at 13. Rather, the police were unaware that Appellant had a firearm in his car at the time of his arrest for purchasing and possessing crack cocaine. Sergeant Ward did not discover the firearm until the day after Appellant's arrest, when the police

conducted an inventory search of his vehicle.[2] During his testimony, Officer Burgess did not testify to observing Appellant making any unusual movements, or reaching under the driver's seat before, during, or after the drug transaction. The firearm was not mentioned during the suppression hearing in the crack cocaine case. *See id.* at 4-24. Similarly, evidence of the drug transaction is not necessary to convict Appellant of the unauthorized possession of the firearm. Appellant's possession of the gun was not a logical step to his acquisition or possession of the drugs.

Additionally, the policies underlying the compulsory joinder rule of Section 110 weigh against precluding a trial on the firearms offense because Appellant would get a volume discount for coincidentally having an unlicensed firearm in his vehicle at the same time he purchased and possessed crack cocaine. *See Reid*, *supra* at 584. Therefore, I would conclude the crimes were not part of the same criminal episode because the unauthorized possession of the gun was not connected to illegally possessing the narcotics in this case.

Based on the foregoing, I would affirm the trial court's August 14, 2014 order denying Appellant's motion to dismiss under Section 110. I respectfully dissent.

_____

[2] That the same officer conducted the inventory search is a coincidence that does not preclude a second trial on the firearm violations.