BLD-027                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3295
_____

FREDERICK WILLIAM KARASH,
Appellant

v.

ERIE COUNTY MUNICIPALITY, As Represented by the Court of Common Pleas and
the District Attorney's Office; STEFANI DOMITROVICH, in her Individual and
Official Capacity; CAROL SOUTHWORTH, in her Individual and Official Capacity;
JACK DANERI, in his Individual and Official Capacity; NATE STRAUSSER, in his
Individual and Official Capacity; ERIE COUNTY COURT OF COMMON PLEAS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-15-cv-00184)
Magistrate Judge:  Honorable Susan Paradise Baxter
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 27, 2016

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 17, 2016)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

_____

PER CURIAM

Pro se appellant Frederick Karash appeals the District Court's order dismissing his amended complaint.[1]  The defendants have filed motions to summarily affirm the District Court's judgment.  For the reasons set forth below, we will grant those motions and summarily affirm.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In December 2015, Karash filed an amended complaint in the District Court raising claims under 42 U.S.C. § 1983 against Erie County, the Erie County Court of Common Pleas, two state-court judges, and two district attorneys.  Karash alleged that the district-attorney defendants had brought "trumped up" speeding charges against him and that, rather than dismissing the charges, the judicial defendants made improper rulings and found him guilty of the offense.  He sought to enjoin the state action.[2]

The defendants filed motions to dismiss under Fed. R. Civ. P. 12(b)(6).  The District Court granted the motions and dismissed the amended complaint.  The District Court concluded that the action was barred by the Younger doctrine, see Younger v. Harris, 401 U.S. 37 (1971), that most defendants were immune from liability, and that the

_____

[1] The parties proceeded by consent before a Magistrate Judge.  See 28 U.S.C. § 636(c).

[2] Karash also included in his amended complaint some allegations concerning a different encounter with police, but because he did not name those officers as defendants, did not seek relief related to that incident, and has pending a separate federal lawsuit that squarely presents those allegations, see W.D. Pa. Civ. A. No. 1:15-cv-00028, we interpret his amended complaint here to discuss that incident merely as background.  Likewise, we acknowledge, as did the District Court, that Karash filed a second amended complaint that did not meaningfully differ from his amended complaint.

2

claims otherwise failed. Karash filed a timely notice of appeal to this Court. The defendants have filed motions to summarily affirm.

We have jurisdiction under 28 U.S.C. § 1291. We exercise a plenary standard of review over the dismissal order. See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). We will take summary action if "no substantial question is presented." 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

We agree with the District Court's analysis of this case. Federal courts will abstain under Younger when "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lui v. Comm'n, Adult Entm't Establishments, 369 F.3d 319, 326 (3d Cir. 2004). As the District Court explained, these requirements are met here. Karash's state appellate proceedings are ongoing, see Huffman v. Pursue, Ltd., 420 U.S. 592, 608-09 (1975) (Younger doctrine applies during pendency of state appellate proceedings), and the proceedings implicate Pennsylvania's important interest in enforcing its criminal traffic laws, see Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 591 (2013); see also Commonwealth v. Failor, 770 A.2d 310, 313 (Pa. 2001) (treating type of proceedings at issue here as criminal). Moreover, Karash can raise the claims he presents here in state court. See, e.g., Commonwealth v. Smith, 868 A.2d 1253, 1256-57 (Pa. Super. Ct. 2005) (considering federal constitutional claims). Therefore, the District Court correctly concluded that the Younger doctrine applies here.

3

While Younger abstention is not appropriate "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction" or "in other extraordinary circumstances where irreparable injury can be shown," Perez v. Ledesma, 401 U.S. 82, 85 (1971), none of these narrow exceptions is satisfied here. Karash argues that a district attorney "harassed" him by stating that he would increase the charges if Karash did not plead guilty; this is not sufficient to warrant federal interference. See Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992) ("even a claim of prosecutorial vindictiveness will not suffice to overcome the general principle that federal review of a criminal prosecution is unavailable before the state proceeding is completed"); see generally Alabama v. Smith, 490 U.S. 794, 802 (1989) (noting that the Court has "upheld the prosecutorial practice of threatening a defendant with increased charges if he does not plead guilty, and following through on that threat if the defendant insists on his right to stand trial"). Nor has Karash meaningfully shown that the prosecution was frivolous — an argument that would be undermined by the fact that he was convicted and has thus far been unsuccessful in setting aside that judgment on appeal — or that other extraordinary circumstances are present. We thus agree with the District Court's abstention decision.

Accordingly, we will grant the defendants' motions and summarily affirm the District Court's judgment.

4