J-E03008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| FREDERICK HALL | |
| Appellant | No. 1669 EDA 2015 |

Appeal from the Order Entered May 22, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001083-2015

BEFORE: BENDER, P.J.E., BOWES, J., PANELLA, J., LAZARUS, J., OTT, J., STABILE, J., DUBOW, J., MOULTON, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                **FILED SEPTEMBER 19, 2017**

Appellant, Frederick Hall, appeals from the order entered May 22, 2015, denying his motion to dismiss which asserted a violation of Pennsylvania's compulsory joinder rule. **See** 18 Pa.C.S. § 110. We affirm.

We derive the following statement of facts and procedural background of this case from the record. In May 2014, Appellant was arrested in the City and County of Philadelphia.[1] At that time, Appellant was charged with three counts of driving under the influence ("DUI"), and one count each of

---

[1] Philadelphia is the First Judicial District of Pennsylvania. 42 Pa.C.S. § 901(a).

- 1 -

recklessly endangering another person ("REAP") and disorderly conduct.[2] Appellant was simultaneously charged with the summary traffic offenses of driving while operating privilege is suspended and reckless driving.[3] In July 2014, Appellant was found guilty *in absentia* of both traffic offenses in the Philadelphia Municipal Court Traffic Division. The remaining charges were listed in the Philadelphia Municipal Court General Division for disposition, and Appellant was found guilty of a single count of DUI. In February 2015, Appellant was sentenced to time served to twelve months of incarceration.[4] Appellant timely appealed the conviction pursuant to Pa.R.Crim.P. 1006, requesting a trial *de novo* before the Philadelphia Court of Common Pleas.

In the Court of Common Pleas, Appellant filed a motion to dismiss pursuant to 18 Pa.C.S. § 110, known as the compulsory joinder rule. The trial court denied Appellant's motion to dismiss in May 2015, and Appellant timely filed a notice of appeal.[5] No 1925(b) statement was ordered. The

_____

[2] **See** 75 Pa.C.S. § 3802(a)(1), (d)(2), (d)(3) (all graded as misdemeanors); 18 Pa.C.S. §§ 2705 (graded as a misdemeanor), and 5503 (graded as a summary), respectively.

[3] **See** 75 Pa.C.S. §§ 1543(a)) and 3736(a), respectively.

[4] We note that the procedural history in the trial court opinion is not consistent with the record. However, the above recitation of facts accurately reflects the record. **See** Trial Court Opinion, 9/10/2015, at 2.

[5] As Section 110 "embodies the same basic purposes as those underlying the double jeopardy clauses, the interlocutory appealability of double jeopardy
*(Footnote Continued Next Page)*

lower court filed a responsive opinion in August 2015. In June 2016, this Court issued a memorandum opinion reversing the trial court. Thereafter, the original panel assigned to this case *sua sponte* sought *en banc* certification of this matter, which was granted in August 2016.

Appellant raises the following claim for our review:

1. Did not the lower court err in denying [A]ppellant's motion to dismiss pursuant to 18 [Pa.C.S.] § 110 where [A]ppellant had previously been convicted of an offense which arose from the same criminal episode as the offense in the instant case?

Substituted Brief for Appellant, at 3.[6]

This Court addressed the compulsory joinder rule in our recent decision, **Commonwealth v. Perfetto**, --- A.3d --- (Pa. Super. 2017) (*en banc*).[7] The **Perfetto** Court held that jurisdiction is no longer an express element of the four-prong compulsory joinder test; rather, a court must

---

*(Footnote Continued)*

claims has been applied to claims based on Section 110." **Commonwealth v. Bracaielly**, 658 A.2d 755, 759-60 (Pa. 1995).

[6] The Commonwealth asserts that the Appellant's claim is waived as it was raised for the first time in the Court of Common Pleas. Commonwealth's Brief at 5. We disagree. **See Commonwealth v. Failor**, 770 A.2d 310, 315 (Pa. 2001) ("mere silence by the defendant is insufficient to find that a defendant has affirmatively acted to block consolidation and therefore, waived a claim under Section 110.").

[7] A claim regarding compulsory joinder pursuant to 18 Pa.C.S. § 110 raises a question of law reviewed under a *de novo* standard of review and a plenary scope of review. **See Commonwealth v. Fithian**, 961 A.2d 66, 71 n.4 (Pa. 2008).

consider whether all charges occurred within the same judicial district. **Perfetto**, --- A.3d ---, *21 (Pa. Super. 2017) (*en banc*).

Nevertheless, the **Perfetto** Court recognized that jurisdiction is implicit in any compulsory joinder analysis. In judicial districts with an open traffic court, this recognition formed the basis of an exception to the test, as traffic courts have jurisdiction exclusive of the courts of common pleas to hear summary traffic offenses. 42 Pa.C.S. § 1302(b). Accordingly, summary traffic offenses may be disposed of in a single proceeding in the traffic court separately from other criminal charges without violating the compulsory joinder rule. **Perfetto** at *12-14. Further, the Court observed that in the unique context of Philadelphia, the Supreme Court of Pennsylvania has allocated disposition of summary traffic offenses solely to the Philadelphia Municipal Court Traffic Division. **Id**. at *16-21. As such, the court concluded that Title 75 summary offense must be disposed of in a proceeding in the Philadelphia Municipal Court Traffic Division and that a separate proceeding must be held for the remaining, higher offenses. **Id**. at *18.

Applying the **Perfetto** holding to the case *sub judice*, Appellant's subsequent prosecution is not subject to dismissal under compulsory joinder, as Appellant's prior summary traffic offenses were adjudicated in the Municipal Court Traffic Division. The trial court's denial was proper. Accordingly, we affirm.

Order affirmed.

PJE Bender, and Judges Bowes, Panella, Ott, Stabile and Dubow join the memorandum.

Judges Lazarus and Moulton concur in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/19/2017