J-E03010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY GARNETT JORDAN | : | |
| | : | |
| Appellant | : | No. 1392 EDA 2015 |

Appeal from the Order April 13, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014422-2014

BEFORE: BENDER, P.J.E., BOWES, J., PANELLA, J., LAZARUS, J., OTT, J.,
STABILE, J., DUBOW, J., MOULTON, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.: **FILED SEPTEMBER 21, 2017**

Appellant, Gary Garnett Jordan, appeals from the order entered April 13, 2015, denying his motion to dismiss which asserted a violation of Pennsylvania's compulsory joinder rule. *See* 18 Pa.C.S. § 110. We affirm.

We derive the following statement of facts and procedural background of this case from the record. In November 2014, Appellant was arrested in the City and County of Philadelphia.[1] At that time, Appellant was charged with driving under the influence ("DUI"), and the summary traffic offense of

_____

[1] Philadelphia is the First Judicial District of Pennsylvania. 42 Pa.C.S. § 901(a).

careless driving.[2]  In January 2014, Appellant pleaded guilty to disregarding a traffic device in the Philadelphia Municipal Court Traffic Division.  The DUI charge was listed in the Philadelphia Municipal Court General Division for disposition, and Appellant was found guilty of DUI in October 2014.  Appellant timely appealed the conviction pursuant to Pa.R.Crim.P. 1006, requesting a trial *de novo* before the Court of Common Pleas of Philadelphia.

In the Court of Common Pleas, Appellant filed a motion to dismiss pursuant to 18 Pa.C.S. § 110, known as the compulsory joinder rule.  The trial court denied Appellant's motion to dismiss in April 2015, and Appellant timely filed a notice of appeal.[3]  No 1925(b) statement was ordered.  The trial court filed a responsive opinion in August 2015.  In July 2016, this Court issued a memorandum opinion affirming the trial court.  Thereafter, Appellant petitioned this Court for *en banc* reargument and *en banc* certification was granted in August 2016.

Appellant raises the following claim for our review:

1. Did not the lower court err in denying [A]ppellant's motion to dismiss pursuant to 18 Pa.C.S. § 110 where [A]ppellant had previously been convicted of an offense which arose from the same criminal episode as the offense in the instant case?

---

[2] **See** 75 Pa.C.S. §§ 3802 (graded as a misdemeanor), and 3714, respectively.

[3] As Section 110 "embodies the same basic purposes as those underlying the double jeopardy clauses, the interlocutory appealability of double jeopardy claims has been applied to claims based on Section 110." **Commonwealth v. Bracaielly**, 658 A.2d 755, 759-60 (Pa. 1995).

Substituted Brief for Appellant, at 3.[4]

This Court addressed the compulsory joinder rule in our recent decision, **Commonwealth v. Perfetto**, --- A.3d --- (Pa. Super. 2017) (*en banc*).[5] The **Perfetto** Court held that jurisdiction is no longer an express element of the four-prong compulsory joinder test; rather, a court must consider whether all charges occurred within the same judicial district. **Perfetto**, --- A.3d ---, *21 (Pa. Super. 2017) (*en banc*).

Nevertheless, the **Perfetto** Court recognized that jurisdiction is implicit in any compulsory joinder analysis. In judicial districts with an open traffic court, this recognition formed the basis of an exception to the test, as traffic courts have jurisdiction exclusive of the courts of common pleas to hear summary traffic offenses. 42 Pa.C.S. § 1302(b). Accordingly, summary traffic offenses may be disposed of in a single proceeding in the traffic court separately from other criminal charges without violating the

---

[4] The Commonwealth asserts that the Appellant's claim is waived as it was raised for the first time in the Court of Common Pleas. Commonwealth's Substituted Brief at 5. We disagree. **See Commonwealth v. Failor**, 770 A.2d 310, 315 (Pa. 2001) ("mere silence by the defendant is insufficient to find that a defendant has affirmatively acted to block consolidation and therefore, waived a claim under Section 110."). Additionally, we note that the Commonwealth's brief is replete with typographical errors. **See** Commonwealth's Substituted Brief, 11/17/16, at 4-5, 8, and 9.

[5] A claim regarding compulsory joinder pursuant to 18 Pa.C.S. § 110 raises a question of law reviewed under a *de novo* standard of review and a plenary scope of review. **See Commonwealth v. Fithian**, 961 A.2d 66, 71 n.4 (Pa. 2008).

compulsory joinder rule. ***Perfetto*** at *12-14. Further, the Court observed that in the unique context of Philadelphia, the Supreme Court of Pennsylvania has allocated disposition of summary traffic offenses solely to the Philadelphia Municipal Court Traffic Division. ***Id***. at *16-21. As such, the court concluded that Title 75 summary offense must be disposed of in a proceeding in the Philadelphia Municipal Court Traffic Division and that a separate proceeding must be held for the remaining, higher offenses. ***Id***. at *18.

Applying the ***Perfetto*** holding to the case *sub judice*, Appellant's subsequent prosecution is not subject to dismissal under compulsory joinder, as Appellant's prior summary traffic offenses were adjudicated in the Municipal Court Traffic Division. The trial court's denial was proper. Accordingly, we affirm.

Order affirmed.

PJE Bender, and Judges Bowes, Panella, Ott, Stabile join the memorandum.

Judges Lazarus, Dubow and Moulton concur in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/21/2017

- 4 -