**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Bryan E. GIMBARA, Appellant.**

Superior Court of Pennsylvania.

Submitted May 15, 2003.

Filed Oct. 23, 2003.

H. Anthony Adams, Public Defender, Carlisle, for appellant.

Jaime M. Keating, Asst. Dist. Atty., Carlisle, for Com., appellee.

Before: STEVENS, LALLY–GREEN, and KLEIN, JJ.

LALLY–GREEN, J.

¶ 1 Appellant, Bryan E. Gimbara, appeals from the judgment of sentence entered on October 8, 2002, following his conviction for driving under a suspended license (DUI related) ("DUS–DUI").[1] We affirm.

¶ 2 The trial court stated the facts as follows:

On October 12, 2001, [Appellant], Bryan E. Gimbara, was cited for speeding, 75 Pa.C.S.A. § 3362, and driving while his operating license was suspended (DUI

1. 75 Pa.C.S.A. § 1543(b)(1).

related), 75 Pa.C.S.A. § 1543(b)(1). [Appellant] subsequently pled guilty to the speeding charge and not guilty to the charge of driving under suspension. The pleas were entered simultaneously through the mail. The district justice set a hearing date for the resolution of the driving under suspension charge after receiving [Appellant's] plea of not guilty. In the meantime, the guilty plea was processed by the district justice's office. The hearing was held on the suspension charge on January 28, 2002, and [Appellant] was found guilty.

Trial Court Opinion, 7/10/02, at 1.

¶ 3 Appellant brought a summary appeal to the trial court on April 9, 2002. Appellant moved to have the charge of DUS–DUI dismissed under the Compulsory Joinder Rule pursuant to 18 Pa.C.S.A. § 110. The trial court denied Appellant's motion to dismiss. After a trial on the charge, the trial court found Appellant guilty of DUS–DUI and sentenced Appellant to a fine of $1,000.00 and a term of imprisonment of 90 days. This timely appeal followed.

¶ 4 Appellant presents one issue for our review:

Did the [trial] court err when it found that there had been no violation of 18 Pa.C.S.A. § 110(1)(ii) where the district justice accepted [Appellant's] guilty plea on one traffic citation and scheduled a trial on the other, when both citations arose from the same incident?

Appellant's Brief at 5. Our standard of review of a trial court's denial of a motion to dismiss pursuant to Section 110 is plenary. *Commonwealth v. Simmer*, 814 A.2d 696, 698 (Pa.Super.2002).

¶ 5 Appellant argues that 18 Pa.C.S.A. § 110 bars the Commonwealth from prosecuting Appellant on the DUS–DUI charge because he had already pled guilty to a speeding offense arising from the same incident. 18 Pa.C.S.A. § 110 provides as follows:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense;

18 Pa.C.S.A. § 110(1)(ii). Thus, Section 110 bars a prosecution for an offense where a former prosecution resulted in a conviction for a different offense that arose from the same criminal episode.

¶ 6 The purpose behind Section 110 is two-fold. "First, it protects a defendant from the governmental harassment of being subjected to successive trials for offenses stemming from the same criminal episode. Secondly, the rule assures finality without unduly burdening the judicial process by repetitious litigation." *Commonwealth v. Failor*, 564 Pa. 642, 770 A.2d 310, 313 (2001). Generally speaking, a four-part test is used to determine whether a prosecution is barred by 18 Pa.C.S.A. § 110(1)(ii):

Under Section 110(1)(ii), ... the Commonwealth is prohibited from prosecuting a defendant based on its former

prosecution of the defendant if the following four-part test is met: (1) the former prosecution resulted in an acquittal or a conviction; (2) the current prosecution must be based on the same criminal conduct or have arisen from the same criminal episode as the former prosecution; (3) the prosecutor must have been aware of the current charges before the commencement of the trial for the former charges; and (4) the current charges and the former charges must be within the jurisdiction of a single court.

*Failor,* 770 A.2d at 313.

¶ 7 Section 110 is a codification of the rule announced by our Supreme Court in *Commonwealth v. Campana,* 452 Pa. 233, 304 A.2d 432 (1973), *vacated and remanded,* 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), *reinstated,* 455 Pa. 622, 314 A.2d 854 (1974), *cert. denied,* 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974). *Campana* involved three unrelated cases consolidated on appeal. *Id.* at 433. In each case, the defendants were prosecuted and were either convicted, acquitted or had their charges dismissed. *Id.* at 433–434. Then, the defendants were either bound over for trial on additional charges or new charges were filed against them; however, all charges in each case arose from the same criminal episode. *Id.* Our Supreme Court held that "the Double Jeopardy Clause requires a prosecutor to bring, in a single proceeding, all known charges against a defendant arising from a single criminal episode." *Id.* at 441.

¶ 8 After *Campana,* the Legislature passed Section 110. Our Supreme Court has addressed Section 110 in numerous cases over the past two decades.[2] In 1996, the Supreme Court addressed Section 110 in the context of traffic violations. *Commonwealth v. Geyer,* 546 Pa. 586, 687 A.2d 815 (1996). In *Geyer,* a Pennsylvania State Trooper stopped the defendant for speeding and issued the defendant a citation for that offense. *Id.* at 815–816. On July 2, 1993, the Pennsylvania Department of Transportation ("PennDOT") certified that the defendant's driving privileges had been suspended at the time of the traffic stop. *Id.* at 816. The defendant mailed in his guilty plea and fine, which was accepted by the District Justice on July 7, 1993. *Id.* The trooper issued a second citation on July 13, 1993, for driving under a suspended license (DUS). *Id.* The defendant challenged the second prosecution under Section 110. *Id.*

¶ 9 Our Supreme Court held that while Section 110 applies to multiple summary offenses including traffic violations, it did not bar the prosecution. *Geyer,* 687 A.2d at 818. The Court specifically overruled this Court's decisions in *Commonwealth v. Hoburn,* 335 Pa.Super. 536, 485 A.2d 24 (1984), and *Commonwealth v. Fischl,* 363 Pa.Super. 173, 525 A.2d 775 (1987), both of which had held that Section 110 does not apply when the defendant is charged with two summary offenses. *Id.* at 818. Yet, the Court held that the defendant's convic-

**2.** For example, the Supreme Court has address the applicability of Section 110 in the following cases: *Commonwealth v. Tarver,* 467 Pa. 401, 357 A.2d 539 (1976); *Commonwealth v. Holmes,* 480 Pa. 536, 391 A.2d 1015 (1978); *Commonwealth v. Hude,* 492 Pa. 600, 425 A.2d 313 (1980); *Commonwealth v. Stewart,* 493 Pa. 24, 425 A.2d 346 (1981); *Commonwealth v. Beatty,* 500 Pa. 284, 455 A.2d 1194 (1983); *Commonwealth v. Breitegan,* 500 Pa. 384, 456 A.2d 1340 (1983); *Commonwealth v. Bracalielly,* 540 Pa. 460, 658 A.2d 755 (1995); *Commonwealth v. Geyer,* 546 Pa. 586, 687 A.2d 815 (1996); *Commonwealth v. Hockenbury,* 549 Pa. 527, 701 A.2d 1334 (1997); *Commonwealth v. Anthony,* 553 Pa. 55, 717 A.2d 1015 (1998); and *Commonwealth v. Failor,* 564 Pa. 642, 770 A.2d 310 (2001).

tion for speeding did not bar the prosecution for DUS because the state trooper was required to receive certification from PennDOT as to the defendant's driving status prior to issuing a citation and did not know of the second offense when he issued the defendant a citation for speeding. *Id.*

¶ 10 In 2001, our Supreme Court again addressed Section 110 in *Failor*. *Failor* involved two cases consolidated on appeal; the second case of defendant Keith A. Blosser is closer factually to Appellant's case.[3] Blosser was stopped for speeding by a Pennsylvania State Trooper. *Failor*, 770 A.2d at 312. During the stop, the trooper learned that Blosser's driver's license was suspended and immediately issued Blosser a citation for speeding and a separate citation for DUS. *Id.* Blosser appeared before the district justice on December 2, 1997, and pled guilty to the speeding violation and not guilty to the DUS charge. *Id.* The district justice appointed counsel to represent Blosser on the DUS charge. *Id.* On January 28, 1998, Blosser again appeared before the district justice for the DUS charge and was found guilty. *Id.*

¶ 11 The trial court upheld Blosser's conviction, reasoning that since Blosser had pled guilty to one summary offense, knowing of the additional summary prosecution, and had not objected to the additional summary prosecution, Blosser had waived his right pursuant to Section 110. *Failor*, 770 A.2d at 313. This Court agreed and affirmed the trial court's deter-mination. *Id.* Our Supreme Court reversed. *Id.*

¶ 12 The Court applied the four-prong test to determine that the prosecution was barred by Section 110. *Failor*, 770 A.2d at 313–314. The Court concluded that Blosser's guilty plea to the speeding charge constituted a conviction pursuant to Section 110, that the speeding charge and the DUS charge arose from the same criminal incident, that both the Commonwealth and the district justice were aware of the second summary prosecution at the time of Blosser's guilty plea because the DUS charge had been filed in the district justice's office prior to Blosser's guilty plea, and that both summary offenses were within the jurisdiction of a single court. *Id.* Therefore, the Supreme Court concluded, Blosser's prosecution for DUS was barred by his guilty plea to speeding. *Id.* at 314.

¶ 13 The Court specifically rejected the notion that Blosser waived his right under Section 110 by pleading guilty to the speeding charge. *Id.* at 314. The Court observed that waiver should not be found unless the defendant has taken some sort of affirmative action to separate the prosecutions or oppose consolidation. *Id.* The Court held that Blosser's guilty plea did not serve as an affirmative action to separate the prosecutions, because "[m]ere silence by the defendant is insufficient to find that a defendant has affirmatively acted to block consolidation and therefore, waived a claim under Section 110." *Id.* at 315.

---

**3.** The factual circumstances of Scott Alan Failor's convictions differ slightly from those of Keith A. Blosser. Failor appeared in front of the district justice on one occasion to plead guilty to speeding, and then appeared in front of the district justice again to plead guilty to driving under a suspended license. *Failor*, 770 A.2d at 312. Blosser, on the other hand, pled guilty to speeding and contested the charge of driving under a suspended license. After the district justice appointed counsel to represent Blosser, Blosser appeared before the district justice for trial. Since the circumstances of the instant case are more similar to those of Blosser, we analyze the Court's disposition in light of the factual circumstances underlying Blosser's conviction.

¶ 14 In Appellant's case, the trial court denied Appellant's motion to dismiss pursuant to Section 110. Trial Court Opinion, 7/10/02, at 4. The trial court held that since Appellant pled guilty to the speeding charge by mail rather than personally appearing before the district justice, the policy consideration underlying Section 110 was not implicated. *Id.*

¶ 15 Our review of the record reflects the following. Appellant was charged with speeding and DUS–DUI. N.T., 4/9/02, at 5. Appellant mailed a guilty plea to the district justice as to the speeding charge. *Id.* at 5–6. At the same time, Appellant mailed a not guilty plea to the district justice as to the DUS–DUI charge. *Id.* at 6. The district justice docketed the guilty plea as to the speeding charge and set a hearing as to the DUS–DUI charge. *Id.* On January 28, 2002, the district justice found Appellant guilty of DUS–DUI, and Appellant appealed to the trial court. *Id.* at 8.

¶ 16 On appeal to the trial court, Appellant moved to dismiss the DUS–DUI charge pursuant to Section 110. N.T., 4/6/02, at 2. After hearing argument on the issue, the trial court denied Appellant's motion on July 10, 2002. Trial Court Opinion, 7/10/02, at 4. The trial court held an evidentiary hearing on October 8, 2002, at the conclusion of which the trial court found Appellant guilty of DUS–DUI. N.T., 10/8/02, at 7.

¶ 17 Section 110 does not bar Appellant's prosecution for DUS–DUI because the third leg of the four-prong test has not been met. The third leg has not been met because there was never a former prosecution to which this prosecution is subsequent. Here, it is true that Appellant's mailed-in guilty plea to the speeding charge constituted a conviction pursuant to Section 110, that the speeding charge and the DUS charge arose from the same criminal incident, and that both summary offenses were within the jurisdiction of a single court. However, both pleas were entered through the mail simultaneously and not in front of a district justice. Additionally, only one hearing, to dispose of the not guilty plea, was held. Therefore, since Appellant was not subjected to successive trials for offenses stemming from the same criminal episode, Appellant's prosecution for DUS–DUI is not barred under Section 110 by his mailed-in guilty plea to speeding. *Failor*, 770 A.2d at 313.

¶ 18 Neither *Geyer* nor *Failor* compel a different result. In *Geyer*, the Court did not address the fact that the defendant had mailed in his guilty plea; rather, the Court found that the third prong of the test had not been met because the prosecuting officer did not know of the second offense, the DUS, at the time of the first prosecution. In *Failor*, Blosser had appeared before the district justice to enter his pleas and then appeared a second time for trial on the DUS charge.[4] Here, Ap-

---

4. We do observe that our Supreme Court in *Failor* did not set out a procedure for mailed-in pleas. Counsel and the trial court in Appellant's case noted this problem as follows:

> Mr. Keating: ... And we have been having a lot of problems with this in other cases because of this exact issue. We have been trying to, you know, alert the police officers and the district justices. And the problem with Blosser and Failor, it is not really clear as to what needs to be done in order to cure it. I mean, they somehow say, well,

the Commonwealth should actively join the cases together and file some type of motion so they can be joined. And then if the district justice separates them, then that's okay.

> The Court: Well, then if you hold off on the speeding, there is the argument, well he should have, because he knew about the speeding, he should have issued the citation at the scene.

> Mr. Keating: Exactly.

> ...

pellant mailed in his pleas for both charges and then appeared once for trial. Since both *Geyer* and *Failor* are factually distinguished from the instant case, we do not view either as controlling.

■ ¶ 19 Our conclusion is consistent with the purposes of Section 110. *Campana* and its progeny make clear that Section 110 protects defendants from harassment by multiple prosecutions; however, Section 110 may not be used to shield a defendant from properly initiated prosecutions. Here, that purpose will not be served if summary defendants, who may mail in different pleas without input or reaction by the Commonwealth, can separate prosecutions by their unilateral act and then benefit from a situation of their making where the Commonwealth has no control over the plea process. If we were to agree with Appellant that Section 110 bars his prosecution for DUS–DUI, we would permit Appellant to use Section 110 as a shield from the properly initiated prosecution. This is not the purpose of the rule. *Commonwealth v. Beatty,* 500 Pa. 284, 455 A.2d 1194, 1198 (1983) ("It is fundamental that a rule of law should not be applied where its application fails to serve the purposes for which it was designed"). Since the purpose of Section 110 would not be served by applying it to the instant situation, Section 110 should not be applied.

¶ 20 We recognize that the Commonwealth does not control the plea process in summary proceedings where a defendant pleads by mail rather than appearing in person. When a defendant appears in person before a district justice, the prosecuting officer may prevent the entry of different pleas, thus exercising the burden placed upon the Commonwealth by Section 110. Where a defendant mails in his pleas, such an opportunity is not presented, because the prosecuting officer has no notice of when the pleas come into the district justice's office. N.T., 4/9/02, at 6. Where there is no opportunity for the Commonwealth to exercise its obligation under Section 110, the purposes of Section 110 would not be advanced.

■ ¶ 21 For the reasons discussed above, we hold that where a summary defendant mails in a guilty plea on one or some charges and a not guilty plea on the other charge or charges, Section 110 does not bar the defendant's prosecution for the charges to which he pled not guilty. Applying this rule to the case at bar, Appellant's guilty plea to speeding does not bar Appellant's prosecution for DUS–DUI. Accordingly, we affirm Appellant's judgment of sentence.

¶ 22 Judgment of sentence affirmed.

---

[Counsel for Appellant]: Your Honor, Blosser and Failor actually do speak about the defendant being able to manipulate the system. And the justices seem to dismiss that, saying, that, well, it is not the defendant's duty to figure out a proper way under 110.

It is up to the Commonwealth to make sure that their procedures meet the dictates of—
The Court: And then I assume they then lay out the procedure—
[Counsel for Appellant]: No. They do not. N.T., 4/9/02, at 11–12.