2021 PA Super 8

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT BENNETT | : | |
| | : | |
| Appellant | : | No. 2621 EDA 2019 |

Appeal from the Order Dated August 26, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0001302-2019.

BEFORE:  KUNSELMAN, J., KING, J., and McCAFFERY, J.

OPINION BY KUNSELMAN, J.:                     Filed: January 21, 2021

The Court of Common Pleas of Philadelphia County entered a pre-trial order denying a motion to dismiss all charges against Vincent Bennett, and it certified that order for interlocutory appeal.[1]  Bennett contends the trial court should have barred the Commonwealth from prosecuting him for various gun-related offenses,[2] under the compulsory-joinder rule, 18 Pa.C.S.A. § 110.  He bases this theory on the fact that his lawyer pleaded guilty on his behalf in the Municipal Court to a traffic ticket, without informing the district attorneys.[3]

---

[1] **See** Pennsylvania Rule of Appellate Procedure 1311.

[2] Specifically, the Commonwealth has charged Bennett with possession of a firearm by a person prohibited from doing so, 18 Pa.C.S.A. § 6105; carrying without a license, 18 Pa.C.S.A. § 6106; and carrying a firearm on the streets of Philadelphia, 18 Pa.C.S.A. § 6108.

[3] 75 Pa.C.S.A. §4525(e)(1), windshield obstruction, dark window tint.

Thus, Bennett seeks to trap the Commonwealth into dismissing his trial-court-level felony and misdemeanor charges by paying a summary fine.

Our precedents prohibit such chicanery. The compulsory-joinder rule only applies if a criminal defendant has faced a former prosecution. Because that has yet to occur, we affirm and remand for Bennett to stand trial.

The trial court described the alleged facts of this case and its procedural posture in its Rule 1925(a) Opinion as follows:

> On February 5, 2019, [Bennett] was stopped by police for driving with an illegal window tint. During the stop, it was determined that [Bennett] was driving with a suspended license, and a search of his vehicle yielded an illegal firearm under the floor pad. [Bennett] was cited for the traffic violations, and arrested for/charged with Persons Not to Possess Firearms, Firearms Not to Be Carried without a License, and Carrying Firearms on Public Streets in Philadelphia. *See* N.T., 07/02/19, at 3-4.
>
> On May 24, 2019, counsel for [Bennett] appeared in traffic court (Philadelphia Municipal Court) on behalf of [Bennett], to satisfy the two citations. [The Municipal Court had not scheduled a hearing for Bennett, who remained in the county jail, and defense counsel provided no notice to the Commonwealth that he intended to appear and plead that Bennett was guilty of the summary offense.] Counsel paid the citation for the window tint, but was told that he could not pay the citation for the suspended license, because [Bennett] was not physically present. Several days later, the Commonwealth withdrew the charges on the suspended license. *Id.* at 4-5.
>
> On June 24, 2019, [Bennett] filed a Motion to Dismiss the VUFA charges in common pleas court pursuant to **Commonwealth v. Perfetto**, 207 A.3d 812 (Pa. 2019). The [trial court] took the matter under advisement, and on August 9, 2019, entered an Order denying [Bennett's] Motion.

Trial Court Opinion, 1/21/20, at 1-2 (some citations and punctuation omitted).

This timely appeal followed.

Bennett raises two issues:

1. Whether the lower court erred in determining that the Philadelphia Municipal Court - Traffic Division has sole jurisdiction over summary traffic offenses even when those charges are part of a single incident, which also includes a misdemeanor and/or felony charges? Is this decision in conflict with 18 Pa.C.S.A. §110, the 2002 amendment thereto removing jurisdiction as an element of the offense, its constitutional underpinnings, and the decision of the Supreme Court in **Commonwealth v. Perfetto**, 207 A.3d 812 (Pa. 2019) and other cases from that Court?

2. Did the lower Court [err] in not dismissing the misdemeanor charge, pursuant to **Commonwealth v. Johnson**, 221 A.3d 217 (Pa. Super. 2019), [*reargument denied* (Dec. 26, 2019), *allowance of appeal granted*, 237 A.3d 962 (Pa. 2020)] which held in a similar situation, that the misdemeanor charged should have been dismissed pursuant to **Perfetto**?

Bennett's Brief at 2.

In its Rule 1925(a) Opinion, the trial court relied upon the **Johnson** decision, which this Court published after the trial court entered its appealed-from order. **Johnson** held that **Perfetto** only applies "where the summary-offense prosecution occurred before a [magisterial] court that also had jurisdiction over the [other] charge[s]." **Johnson**, 221 A.3d at 221. Because the Municipal Court of Philadelphia did not have subject-matter jurisdiction over a felony charge that Johnson faced, we concluded that "Johnson's case has not come before a court with jurisdiction over the possession-of-heroin-

with-intent-to-deliver offense.  Simply stated, he has not yet been in jeopardy for that offense, because the Philadelphia Municipal Court *lacked* jurisdiction to adjudicate it."  *Id.*  The drug-related offense could therefore proceed in the court of common pleas, pursuant to 18 Pa.C.S.A. § 112.

Quoting extensively from *Johnson*, the trial court opined that Bennett's felony and misdemeanor charges are within its subject-matter jurisdiction, and not the Municipal Court of Philadelphia.  Hence, the common pleas court found that 18 Pa.C.S.A. § 112 applies, rather than the compulsory-joinder rule of 18 Pa.C.S.A. § 110.

In response, Bennett contends we erred in *Johnson*.  He asks our panel to certify his case for a Court *en banc* to reexamine *Johnson*.  Alternatively, Bennett argues that the trial court misapplied the portion of *Johnson* that he thinks compels dismissal of the misdemeanor charge.  Bennett argues that that crime's sentence was under the subject-matter-jurisdictional limit of the Municipal Court; therefore, the Commonwealth had to prosecute him for that offense in Municipal Court along with his tinted-windows offense.

The Commonwealth disagrees with the issues that Bennett has framed and argued.  In its view, instead of revisiting our recent decision in *Johnson*, we should first consider whether the plain language of 18 Pa.C.S.A. § 110 applies to this case.  The Commonwealth proposed that we consider whether:

> the trial court properly [denied Bennett's] motion to dismiss
> all charges under the statutory, compulsory-joinder rule,
> where this Court's precedents deem his unilateral decision
> to enter a guilty a plea to one of two summary traffic

offenses insufficient to invoke Section 110 to bar successive prosecution . . . ?

Commonwealth's Brief at 1.

Whether the trial court incorrectly declined to dismiss all charges under the compulsory-joinder rule presents a pure question of law. "Consequently, our scope of review is plenary, and our standard of review is *de novo*." **Perfetto**, 207 A.3d at 821.

Entitled "When Prosecution [Is] Barred by **Former Prosecution** for Different Offense," 18 Pa.C.S.A. § 110 provides in relevant part:

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> (1) **The former prosecution** resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:
>
> \* \* \* \* \*
>
> (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense . . . .

18 Pa.C.S.A. § 110 (emphasis added).

For this statute to apply, a "former prosecution" is required. This Court has held that paying a fine and pleading guilty to a summary offense without

notice to the district attorney and appearing before a judicial officer is not a "former prosecution" to which Section 110 applies.

In **Commonwealth v. Gimbara**, 835 A.2d 371 (Pa. Super. 2003), *appeal denied*, 853 A.2d 360 (Pa. 2004), the defendant received a citation for speeding and another for driving with a suspended license. He mailed a guilty plea and payment to the magistrate's office for the charge of speeding, but he also pleaded not guilty in that mailing to the suspended-license charge. The magistrate processed the payment for the first offense and set a hearing date for the second charge. Following that hearing, the magistrate found the defendant guilty. The defendant appealed to the trial court and moved that the suspended-license charge be dismissed pursuant to the compulsory-joinder-rule. The trial court denied relief, and this Court affirmed.

The **Gimbara** Court explained that a defendant must satisfy all four prongs of the below test to compel a dismissal under Section 110:

> (1) the former prosecution resulted in an acquittal or a conviction, (2) the current prosecution must be based on the same criminal conduct or have arisen from the same criminal episode as the former prosecution, (3) the prosecutor must have been aware of the current charges before the commencement of the trial for the former charges, and (4) the current charges and the former charges must be within the jurisdiction of a single court.

**Gimbara**, 835 A.2d at 373–74 (quoting **Commonwealth v. Failor**, 770 A.2d 310, 313 (Pa. 2001)). This Court then opined that "The third [prong] has not been met, because there was never a former prosecution to which this prosecution is subsequent." **Id.** at 376. Mailing in the fine and guilty plea for

- 6 -

one offense was not a "former prosecution" under the compulsory-joinder rule, because the defendant did not stand trial. Thus, the protections of Section 110 never attached. Because he "was not subjected to successive trials for offenses stemming from the same criminal episode," *id.*, the defendant's prosecution for driving with a suspended license could proceed to trial.

The same is true in the instant matter. Instead of mailing in his fine for a summary offense, Bennett sent his lawyer to pay it for him in person. This is a distinction without a difference. Like the defendant in *Gimbara*, Bennett did not stand trial before the minor judiciary. The Commonwealth never "subjected [Bennett] to successive trials for offenses stemming from the same criminal episode, [and his firearm-related charges are] not barred under Section 110" by filing a guilty plea with court staff and paying a fine for his tinted windows. *Gimbara*, 835 A.2d at 376.

The Commonwealth had no control over when Bennett's attorney decided to appear at the in-take window of the Municipal Court of Philadelphia, any more than it could control when a defendant mails in a guilty plea and fine for a summary offense. "When a defendant appears in person before a [magisterial district judge], the prosecuting officer may prevent the entry of different pleas, thus exercising the burden placed upon the Commonwealth by Section 110." *Id.* at 377. But where a defense attorney enters a guilty plea before court staff, *without first informing the Commonwealth*, "such an opportunity is not presented, because the prosecuting officer has no notice of when the pleas come into the [Municipal Court] office." *Id.* "Where there is

no opportunity for the Commonwealth to exercise its obligation under Section 110, the purposes of Section 110 would not be advanced." *Id.*

Accordingly, as in ***Gimbara***, we find no error in the trial court's refusal to dismiss the felony and misdemeanor charges against Bennett.[4]  Section 110 does not apply under this procedural posture.  Bennett attempted to play the ***Perfetto*** decision like a Get-Out-of-Jail-Free Card, rather than using it as a shield against double jeopardy.  We will not reward such gamesmanship.

Order affirmed.  Case remanded for further proceedings.  Jurisdiction relinquished.

Judge McCaffery joins this Opinion.

Judge King concurs in the result.

_____

[4] We note that, in his brief, Bennett requests that we submit this case to the Court *en banc* to reconsider our holding in ***Commonwealth v. Johnson***, 221 A.3d 217 (Pa. Super. 2019), *reargument denied* (Dec. 26, 2019), *allowance of appeal granted*, 237 A.3d 962 (Pa. 2020).  *En banc* review of ***Johnson*** is unnecessary, because the Supreme Court of Pennsylvania recently granted Johnson's petition for review.  Additionally, because we have not relied upon ***Johnson*** to affirm the appealed-from order, any future clarification from the Supreme Court in that matter is irrelevant to Bennett's appeal.  As such, his request to circulate this appeal to the full Court for a possible *en banc* hearing is DENIED.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/21