J-A24002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　:　　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　:
　　　　　　　　v.　　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
MARIO RAMOS　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　　　　Appellant　　　　　:　　No. 1552 EDA 2021

Appeal from the Order Entered July 15, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0008480-2020

BEFORE:　PANELLA, P.J., BENDER, P.J.E., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:　　　　　**FILED DECEMBER 13, 2022**

Appellant, Mario Ramos, appeals from the trial court's July 15, 2021 order denying his "Motion to Dismiss for Double Jeopardy," in which Appellant sought the dismissal of his pending criminal charges pursuant to the compulsory joinder rule under 18 Pa.C.S. § 110. After careful review, we affirm.

Appellant sets forth the facts of this case, as follows:

On May 3, 2020, … []Appellant[] was arrested after police recovered marijuana and a firearm from a vehicle that he was operating. Incident to his arrest, [Appellant] was charged with Violations of the Uniform Firearms Act ("VUFA") (18 Pa.C.S. §§ 6105, 6106, and 6108) and … a preliminary hearing [was scheduled for] May 19, 2020, in the Philadelphia Municipal Court. []Due to Covid-related court closings, the preliminary hearing was continued several times into 2021. Also incident to his arrest, [Appellant] was charged with possession of marijuana relative to the marijuana recovered from his vehicle contemporaneously with the firearm recovery. Relative to this marijuana recovery, [Appellant] was issued a City of Philadelphia Code Violation

Notice[,] which demanded payment of a fine within ten days.[1] … [Appellant] did not timely respond to the Code Violation Notice. At all times going forward, the Commonwealth was free to amend the original Criminal Complaint to add the charge of possession of marijuana.

> [1] Possession of marijuana is a crime (ungraded misdemeanor) codified at 35 P.[]S. § 780-113(a)(16)[, and] punishable by up to one year in prison and a $5,000 fine.

Thereafter, [Appellant] received a second Notice of Code Violation[,] dated August 3, 2020, from the City of Philadelphia. This notice included, *inter alia*, payment instructions to satisfy the violation online, in person, or by mail, and included the potential consequences for the failure to pay the citation[,] which included "additional penalties and further legal action, including the filing of a Code Enforcement Complaint in Municipal Court."[2] After receiving this notice in the mail, [Appellant] acknowledged the violation and paid the penalty prescribed.

> [2] At this juncture in [Appellant's] prosecution, the charges relative to the firearm recovered in [Appellant's] vehicle and the charge relative to the marijuana recovered from [Appellant's] vehicle were both in the jurisdiction of the Philadelphia Municipal Court.

\*\*\*

Thereafter, [Appellant] was scheduled for a preliminary hearing on May 7, 2021. The case was continued until June 25, 2021, and on that date, [it] was continued until July 30, 2021. On June 28, 2021, [Appellant] filed a Motion to Dismiss for Double Jeopardy in the Philadelphia Court of Common Pleas[,] relying upon Pennsylvania's compulsory joinder statute, codified at 18 Pa.C.S. § 110. The motion was denied by the [trial court] on July 15, 2021. This interlocutory appeal is from that decision.

Appellant's Brief at 3-4.

After Appellant filed a notice of appeal from the court's July 15, 2021 order, the court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely complied, and the court then filed a Rule 1925(a) opinion on January 11, 2022. Herein, Appellant presents

one issue for our review: "Did the [trial] court commit an error of law when it denied Appellant's Motion to Dismiss for Double Jeopardy based on 18 Pa.C.S. § 110?" *Id.* at 2.

Before considering Appellant's issue, we note that the trial court's order denying his motion to dismiss on double jeopardy grounds did not make a specific finding as to frivolousness. *See* Pa.R.Crim.P. 587(b)(4) ("In a case in which the judge denies the motion [for dismissal], the findings of fact shall include a specific finding as to frivolousness."). This Court recently explained:

> [A]n order denying a double jeopardy motion, that makes no finding that the motion is frivolous, is a collateral order under Rule 313 of the Pennsylvania Rules of Appellate Procedure:
>
> **Rule 313. Collateral Orders**
>
> **(a) General rule.** An appeal may be taken as of right from a collateral order of an administrative agency or lower court.
>
> **(b) Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.
>
> Pa.R.A.P. 313 (effective July 4, 2013). Rule 313 is **jurisdictional** in nature. ***Commonwealth v. Blystone***, … 119 A.3d 306, 312 ([Pa.] 2015). The *Note* to Rule 313 states that an established example of a collateral order is an order denying a pretrial motion to dismiss "based on double jeopardy in which the court does not find the motion frivolous." Pa.R.A.P. 313 *Note* (citing ***Orie, supra*** and ***Brady, supra***). The planned amendment to the official note of Rule 313 continues this precedent and states in relevant part as follows:
>
> *Official Note:* If an order meets the definition of a collateral order, it is appealed by filing a notice of appeal or petition for review. Pa.R.A.P. 313 is a codification of existing case law with respect to collateral orders.

***

> Examples include...an order denying a pre-trial motion to dismiss on double jeopardy grounds if the trial court does not also make a finding that the motion to dismiss is frivolous. ***See Commonwealth v. Brady***, … 508 A.2d 286, 289–91 (Pa. 1986) (allowing an immediate appeal from denial of double jeopardy claim under collateral order doctrine where trial court does not make a finding of frivolousness); ***Commonwealth v. Orie***, … 22 A.3d 1021 (Pa. 2011). An order denying a pre-trial motion to dismiss on double jeopardy grounds that also finds that the motion to dismiss is frivolous is not appealable as of right as a collateral order, but may be appealable by permission under Pa.R.A.P. 1311(a)(3).

> Pa.R.A.P. 313, *Official Note* (effective August 1, 2020). Bearing the relevant version of Rule 313 in mind, along with the planned amendment, ***Pennsylvania law makes clear that an order denying a double jeopardy motion, which makes no finding that the motion is frivolous, is a collateral order under Rule 313 an[d] immediately appealable. See id.***

***Commonwealth v. Gross***, 232 A.3d 819, 832–33 (Pa. Super. 2020) (*en banc*), *appeal denied*, 242 A.3d 307 (Pa. 2020) (some emphasis omitted; some emphasis added). Following ***Gross***, we conclude that the court's order in this case is immediately appealable.

Moving on to the merits of Appellant's issue, he contends that the court erred by not dismissing his firearm charges under the compulsory joinder rule set forth in section 110, "which requires the Commonwealth to join for trial all offenses that occur within the same judicial district." Appellant's Brief at 6. According to Appellant, he "pled guilty to the marijuana possession and paid a $25 fine[,]" thereby prohibiting the Commonwealth from prosecuting him separately for his firearm offenses, which "arose from the same criminal episode as the marijuana possession offense." ***Id.*** at 5-6.

- 4 -

Appellant's argument that the trial court incorrectly declined to dismiss his charges under the compulsory-joinder rule presents a pure question of law. "Consequently, our scope of review is plenary, and our standard of review is *de novo*." ***Commonwealth v. Perfetto***, 207 A.3d 812, 821 (Pa. 2019).

Section 110, entitled, "When prosecution barred by ***former prosecution*** for different offense," states, in pertinent part:

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> > (1) ***The former prosecution*** resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:
> >
> > *** 
> >
> > (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense….

18 Pa.C.S. § 110 (emphasis added).

Thus, as Appellant correctly summarizes,

> under [s]ection 110, a subsequent prosecution is barred by a former prosecution if four requirements are met. First, the former prosecution resulted in an acquittal or a conviction. Second, the current prosecution arose from the same criminal episode as the former prosecution. Third, the current offense was known to the prosecutor at the time of the commencement of the former prosecution. Fourth, the current offense occurred in the same

judicial district as the former prosecution. *See Commonwealth v. Fithian*, 961 A.2d 66, 72 (Pa. 2008).

Appellant's Brief at 11.

Instantly, Appellant concludes that,

[a]ll four requirements of [s]ection 110 are clearly met here. First, the former prosecution of [Appellant] resulted in a guilty plea for possessing marijuana, and the imposition and payment of a $25 fine. Second, the current prosecution arose from the same criminal episode as the violation for possessing marijuana. … Third, the Philadelphia District Attorney's Office — who reviewed the [Philadelphia Police Department Arrest Report] in approving the [firearm] charges, clearly knew of both prosecutions[,] as all the paperwork generated by the arresting officers referenced not only the possession of a firearm and marijuana, but further referenced that [Appellant] was issued a Code Violation Notice for the marijuana possession. Fourth, both prosecutions occurred within the same judicial district, namely, the First Judicial District of Pennsylvania. Because all four requirements of [s]ection 110 are met in this case, the lower court erred as a matter of law in denying Appellant's motion to dismiss.

*Id.* at 11-12 (footnote omitted).

Based on this Court's recent, *en banc* decision in *Commonwealth v. Bennett*, 246 A.3d 875 (Pa. Super. 2021) (*en banc*), *appeal denied*, 263 A.3d 1137 (Pa. 2021), we disagree with Appellant's argument. In that case,

[Bennett] was stopped by police for driving with an illegal window tint. During the stop, it was determined that [Bennett] was driving with a suspended license, and a search of his vehicle yielded an illegal firearm under the floor pad. [Bennett] was cited for the traffic violations, and arrested for/charged with Persons Not to Possess Firearms, Firearms Not to Be Carried without a License, and Carrying Firearms on Public Streets in Philadelphia.

On May 24, 2019, counsel for [Bennett] appeared in traffic court (Philadelphia Municipal Court) on behalf of [Bennett], to satisfy the two citations. The Municipal Court had not scheduled a hearing for Bennett, who remained in the county jail, and defense counsel provided no notice to the Commonwealth that he intended

to appear and plead that Bennett was guilty of the summary offense. Counsel paid the citation for the window tint, but was told that he could not pay the citation for the suspended license, because [Bennett] was not physically present. Several days later, the Commonwealth withdrew the charges on the suspended license.

On June 24, 2019, [Bennett] filed a Motion to Dismiss the [firearm] charges in common pleas court pursuant to … **Perfetto**, 207 A.3d 812….[1] The [trial court] took the matter under advisement, and on August 9, 2019, entered an Order denying [Bennett's] Motion.

*Id.* at 876 (some citations and brackets omitted).

On appeal to this Court, we concluded that section 110 did not apply to Bennett's case. We stressed that, "[f]or [section 110] to apply, a 'former prosecution' is required." *Id.* at 878. We explained that our "Court has held that paying a fine and pleading guilty to a summary offense without notice to the district attorney and appearing before a judicial officer is not a 'former prosecution' to which [s]ection 110 applies." *Id.* For instance,

[i]n **Commonwealth v. Gimbara**, 835 A.2d 371 (Pa. Super. 2003)…, the defendant received a citation for speeding and another for driving with a suspended license. He mailed a guilty plea and payment to the magistrate's office for the charge of speeding, but he also pleaded not guilty in that mailing to the suspended-license charge. The magistrate processed the payment for the first offense and set a hearing date for the second charge. Following that hearing, the magistrate found the defendant guilty. The defendant appealed to the trial court and moved that the suspended-license charge be dismissed pursuant

---

[1] In **Perfetto**, the Pennsylvania Supreme Court held that section 110 generally prohibits the government from proceeding with a prosecution subject to the jurisdiction of the Philadelphia Municipal Court, after a summary offense arising from the same criminal episode had been adjudicated in the Traffic Division of that court.

to the compulsory-joinder-rule. The trial court denied relief, and this Court affirmed.

The **Gimbara** Court explained that a defendant must satisfy all four prongs of the below test to compel a dismissal under Section 110:

(1) the former prosecution resulted in an acquittal or a conviction, (2) the current prosecution must be based on the same criminal conduct or have arisen from the same criminal episode as the former prosecution, (3) the prosecutor must have been aware of the current charges before **the commencement of the trial** for the former charges, and (4) the current charges and the former charges must be within the jurisdiction of a single court.

**Gimbara**, 835 A.2d at 373–74 (quoting **Commonwealth v. Failor**, … 770 A.2d 310, 313 ([Pa.] 2001)). This Court then opined that "The third [prong] has not been met, because there was never a former prosecution to which this prosecution is subsequent." **Id.** at 376. **Mailing in the fine and guilty plea for one offense was not a "former prosecution" under the compulsory-joinder rule, because the defendant did not stand trial.** Thus, the protections of [s]ection 110 never attached. Because he "was not subjected to successive trials for offenses stemming from the same criminal episode," **id.**, the defendant's prosecution for driving with a suspended license could proceed to trial.

**Bennett**, 246 A.3d at 878 (emphasis added).

The **Bennett** panel concluded that the rationale of **Gimbara** applied equally to the facts of Bennett's case, despite that Bennett sent his lawyer to pay the fine for his summary offense, rather than mailing it. **Id.** at 879. We explained:

Like the defendant in **Gimbara**, Bennett did not stand trial before the minor judiciary. The Commonwealth never "subjected [Bennett] to successive trials for offenses stemming from the same criminal episode, [and his firearm-related charges are] not barred under [s]ection 110" by filing a guilty plea with court staff

- 8 -

and paying a fine for his tinted windows. *Gimbara*, 835 A.2d at 376.

The Commonwealth had no control over when Bennett's attorney decided to appear at the in-take window of the Municipal Court of Philadelphia, any more than it could control when a defendant mails in a guilty plea and fine for a summary offense. "When a defendant appears in person before a [magisterial district judge], the prosecuting officer may prevent the entry of different pleas, thus exercising the burden placed upon the Commonwealth by [s]ection 110." *Id.* at 377. But where a defense attorney enters a guilty plea before court staff, ***without first informing the Commonwealth***, "such an opportunity is not presented, because the prosecuting officer has no notice of when the pleas come into the [Municipal Court] office." *Id.* "Where there is no opportunity for the Commonwealth to exercise its obligation under [s]ection 110, the purposes of [s]ection 110 would not be advanced." *Id.*

Accordingly, as in *Gimbara*, we find no error in the trial court's refusal to dismiss the felony and misdemeanor charges against Bennett. Section 110 does not apply under this procedural posture.

*Id.* (emphasis in original, footnote omitted).

The facts of this case are analogous to *Gimbara* and *Bennett*. Appellant did not stand trial before the minor judiciary, and he was never subjected to successive trials for offenses arising from the same criminal episode. Thus, he was not subjected to a 'former prosecution' to which section 110 would apply simply because he pled guilty and paid a fine online. Accordingly, the Commonwealth is not barred from prosecuting him for his firearm offenses.

We note that Appellant attempts to distinguish *Bennett* from the instant case, arguing that "in *Bennett*, there was no evidence … that indicated the Commonwealth knew that motor vehicle citations were issued to Bennett. By contrast, the Commonwealth here clearly knew that [Appellant] was being

charged not just with firearm offenses but also with possessing marijuana." Appellant's Brief at 14.

We are unconvinced. The ***Bennett*** panel did not stress the Commonwealth's lack of knowledge of the **charges** against Bennett. Instead, it emphasized that the Commonwealth had no notice that Bennett's attorney ***had entered a plea*** on Bennett's behalf. ***See id.*** at 879 ("But where a defense attorney ***enters a guilty plea*** before court staff, ***without first informing the Commonwealth***, "such an opportunity is not presented, because the prosecuting officer has no notice of when the pleas come into the [Municipal Court] office.") (some emphasis in original; some emphasis added). Here, Appellant does not claim that he notified the Commonwealth that he was going to plead guilty and pay his fine. Thus, the Commonwealth's knowledge that Appellant was issued a citation for possession of marijuana did not trigger application of section 110.

Therefore, in accordance with ***Bennett*** and ***Gimbara***, we conclude that Appellant was not subjected to a 'former prosecution' when he pled guilty and paid the fine for his offense of possessing marijuana. Accordingly, section 110 does not bar the Commonwealth from prosecuting Appellant for his pending firearm offenses, and the court properly denied Appellant's motion to dismiss.

Order affirmed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/13/2022</u>